IN THE CIRCUIT COURT OF THE
TENTH JUDICIAL CIRCUIT, IN AND FOR
POLK COUNTY, FLORIDA

BENJAMIN NEMEC and
AMIE NEMEC,

      Plaintiffs,

vs.

L. COBB CONSTRUCTION, INC., a Florida
corporation, PCL CONSTRUCTION
SERVICES, INC., a foreign corporation, and
INTERSTATE HOTELS & RESORTS, INC., a
foreign corporation,

      Defendants.

CASE NO.: _____

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, DR. BENJAMIN AND AMIE NEMEC, by and through the undersigned

attorneys sue the Defendants, L. COBB CONSTRUCTION, INC., PCL CONSTRUCTION

SERVICES, INC., and INTERSTATE HOTELS & RESORTS, INC. and state:

1.      This is a negligence action for damages that exceed $15,000 exclusive of pre-

judgment interest, costs and attorney's fees.

2.      Plaintiff, DR. BENJAMIN NEMEC, is a resident of the State of Texas.

3.      Plaintiff, AMIE NEMEC, is a resident of the State of Texas.

4.      Defendant, L. COBB CONSTRUCTION, INC., is a Florida corporation doing

business in Polk County, Florida. Defendant, L. COBB CONSTRUCTION, INC., constructed,

developed and/or built a golf course located at 1000 Streamsong Drive, Streamsong, Florida

33834.

5.      Defendant, PCL CONSTRUCTION SERVICES, INC., is a foreign corporation

doing business in Polk County, Florida.  Defendant, PCL CONSTRUCTION SERVICES, INC.,

constructed, developed and/or built a golf course located at 1000 Streamsong Drive, Streamsong, Florida 33834.

6.      Defendant, INTERSTATE HOTELS & RESORTS, INC., is a foreign corporation doing business in Polk County, Florida.   Defendant, INTERSTATE HOTELS & RESORTS, INC., managed, operated and/or was in possession of a golf course located at 1000 Streamsong Drive, Streamsong, Florida 33834 on or about June 26, 2014.

7.      All of the events described herein occurred in Polk County, Florida.

8.      Defendants, L. COBB CONSTRUCTION, INC. and PCL CONSTRUCTION SERVICES, INC., had a duty to construct, develop and/or build the golf courses in a reasonably safe condition.

9.      Defendant, INTERSTATE HOTELS & RESORTS, INC., had a duty to operate and maintain the golf course in a reasonably safe condition and to warn of dangerous conditions.

10.     The golf courses were constructed on land that used to be a phosphate mine.

11.     Consequently, Defendants, L. COBB CONSTRUCTION, INC. and PCL CONSTRUCTION SERVICES, INC., knew or should have known that the soil on the golf course, and specifically in the area where this incident occurred, is susceptible to collapsing and/or giving way, and should have constructed, developed and/or built the golf course in such a way as to prevent the condition from occurring.

12.     Additionally, Defendant, INTERSTATE HOTELS & RESORTS, INC., knew or should have known that the soil on the golf course, and specifically in the area where this incident occurred, is susceptible to collapsing and/or giving way.   Additionally, the condition existed for a sufficient length of time so that Defendant, INTERSTATE HOTELS & RESORTS, INC., should have known of it.

2

13.     This is a dangerous condition and a concealed hazard.

14.     Defendant, INTERSTATE HOTELS & RESORTS, INC., advertised the golf courses as "specifically designed for walking golfers."

15.     On or about June 26, 2014, Plaintiff, DR. BENJAMIN NEMEC, was golfing on one of said courses.

16.     While walking between two holes, Plaintiff, DR. BENJAMIN NEMEC, fell because the ground beneath him gave way and/or collapsed.

17.     The subject incident occurred because the Defendants, L. COBB CONSTRUCTION, INC. and PCL CONSTRUCTION SERVICES, INC., breached their duties to construct, develop and/or build the subject premises in a reasonably safe condition and because Defendant, INTERSTATE HOTELS & RESORTS, INC., breached its duty to maintain and operate the subject premises in a reasonably safe condition.

18.     Defendants, L. COBB CONSTRUCTION, INC., PCL CONSTRUCTION SERVICES, INC., and INTERSTATE HOTELS & RESORTS, INC., knew and/or should have known of this condition.

19.     Plaintiff, DR. BENJAMIN NEMEC, had no reason to know of the condition.

20.     Defendant, INTERSTATE HOTELS & RESORTS, INC., breached its duty to warn of dangerous conditions by failing to warn Plaintiff, DR. BENJAMIN NEMEC, of the condition described above.

21.     As a result of the incident, Plaintiffs, DR. BENJAMIN AND AMIE NEMEC, sustained damages.

2018CA-002397-0000-00         Received in Polk 06/22/2018 12:17 PM

## COUNT I
## DR. NEMEC V. L. COBB CONSTRUCTION, INC.

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs 1 through 21 as if fully set forth herein and further alleges:

22.     Defendant, L. COBB CONSTRUCTION, INC., had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to construct, develop and/or build the subject premises in a reasonably safe manner.

23.     Defendant, L. COBB CONSTRUCTION, INC., breached this duty of care by:

   a.     Failing to construct reasonably safe premises; and/or

   b.     Failing to develop reasonably safe premises; and/or

   c.     Failing to build reasonably safe premises.

24.     As a direct and proximate result of the negligence of the Defendant, L. COBB CONSTRUCTION, INC., described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition.   The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

4

## COUNT II
## MRS. NEMEC V. L. COBB CONSTRUCTION, INC.

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs 1 through 24 as if fully set forth herein and further alleges:

25.     At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

26.     As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT III
## DR. NEMEC V. PCL CONSTRUCTION SERVICES, INC.,

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs 1 through 21 as if fully set forth herein and further alleges:

27.     Defendant, PCL CONSTRUCTION SERVICES, INC., had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to construct, develop and/or build the subject premises in a reasonably safe manner.

28.     Defendant, PCL CONSTRUCTION SERVICES, INC., breached this duty of care by:

   a.     Failing to construct reasonably safe premises; and/or

   b.     Failing to develop reasonably safe premises; and/or

   c.     Failing to build reasonably safe premises.

5

29.     As a direct and proximate result of the negligence of the Defendant, PCL CONSTRUCTION SERVICES, INC., described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT IV
## MRS. NEMEC V. PCL CONSTRUCTION SERVICES, INC.

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs 1 through 21 and 27 through 29 as if fully set forth herein and further alleges:

30.     At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

31.     As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

## COUNT V
## DR. NEMEC V. INTERSTATE HOTELS & RESORTS, INC.

Plaintiff, DR. BENJAMIN NEMEC, adopts and incorporates by reference paragraphs 1 through 21 as if fully set forth herein and further alleges:

32.    Defendant, INTERSTATE HOTELS & RESORTS, INC., had a duty to the public, and specifically to Plaintiff, DR. BENJAMIN NEMEC, to manage and/or operate the subject premises in a reasonably safe manner and to warn of dangerous conditions.

33.    Defendant, INTERSTATE HOTELS & RESORTS, INC., breached this duty of care by:

    d.    Failing to manage the premises in a reasonably safe condition; and/or

    e.    Failing to maintain the premises in a reasonably safe condition; and/or

    f.    Failing to operate the premises in a reasonably safe condition; and/or

    g.    Failing to make appropriate repairs to ensure the premises were reasonably safe; and/or

    h.    Failing to properly inspect the premises; and/or

    i.    Failing to warn of a dangerous condition; and/or

    j.    Failing to train its employees, vendors and/or independent contractors to maintain all public areas by vigilant patrol so as to prevent falls and other injuries on the premises; and/or

    k.    Failing to have policies and procedures in place so that prompt and adequate actions could be taken when areas are compromised by dangerous conditions; and/or

    l.    Failing to follow its own policies and procedures; and/or

m.     Failing to supervise its employees, vendors and/or independent contractors in implementing its policies and procedures.

34.    As a direct and proximate result of the negligence of the Defendant, INTERSTATE HOTELS & RESORTS, INC., described in the preceding paragraphs, Plaintiff, DR. BENJAMIN NEMEC, suffered bodily injury resulting in pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing in nature and Plaintiff, DR. BENJAMIN NEMEC, will suffer such losses in the future.

WHEREFORE, Plaintiff, DR. BENJAMIN NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

**COUNT VI**
**MRS. NEMEC V. INTERSTATE HOTELS & RESORTS, INC.,**

Plaintiff, AMIE NEMEC, adopts and incorporates by reference paragraphs 1 through 21 and 32 through 34 as if fully set forth herein and further alleges:

35.    At all times material hereto, Plaintiff, AMIE NEMEC, was the wife of Plaintiff, DR. BENJAMIN NEMEC, and they were residing together under this family relationship.

36.    As a direct and proximate result of the aforesaid negligence, Plaintiff, AMIE NEMEC, suffered in the past and will continue to suffer in the future the loss of comfort, companionship, society, consortium and services of her husband, DR. BENJAMIN NEMEC.

WHEREFORE, Plaintiff, AMIE NEMEC, demands judgment for compensatory damages, such other relief as this Court may deem just and proper and a trial by jury on all issues so triable.

2018CA-002397-0000-00        Received in Polk 06/22/2018 12:17 PM

DATED this 22nd day of June, 2018

s/ Francis H. Sheppard

FRANCIS H. SHEPPARD
Florida Bar No.:  0442290
E-mail:  fsheppard@rumberger.com (primary)
          fsheppardsecy@rumberger.com (secondary)
CHASE E. HATTAWAY
Florida Bar No.:  0085951
E-mail:  chattaway@rumberger.com (primary)
          docketingorlando@rumberger.com and
          chattawaysecy@rumberger.com (secondary)
RUMBERGER, KIRK, & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300
Fax:  407.841.2133
Attorneys for Plaintiffs

9

11270363.1